UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH FURANDO,<br><br>             Petitioner<br><br>     v.<br><br>WARDEN DAVID ORTIZ<br><br>             Respondent | Civil Action No. 20-3739(RMB)<br><br>**OPINION** |

This matter comes before the Court upon Petitioner's motion for reconsideration (Dkt. Nos. 12, 13.) of this Court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies. For the reasons discussed below, the Court finds that exhaustion of his administrative remedies is not futile, and denies the motion for reconsideration.

I.  PROCEDURAL HISTORY

Petitioner, a prisoner in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") seeks home confinement or release under 18 U.S.C. § 3624(c)(2), as amended by § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), based on his claim that underlying medical conditions pose a serious risk to his health if he contracts the COVID-19 virus at FCI Fort Dix, where social distancing is

impossible. (Pet., Dkt. No. 1.) On April 21, 2020, the Court denied the petition without prejudice for failure to exhaust administrative remedies. (Opinion, Dkt. No. 6; Order, Dkt. No. 7.) Respondent then provided a status update, stating Petitioner was found not eligible for relief under the CARES Act. (Letter, Dkt. No. 8.) The Court directed Petitioner to file a new petition for writ of habeas corpus under 28 U.S.C. § 2241, if he had a basis to challenge the BOP's decision after exhausting administrative remedies. (Order, Dkt. No. 9.) Petitioner filed an "Answer to Warden's Response to 2241," (Dkt. No. 10), which the Court construed as a new § 2241 habeas petition, and directed the Clerk to open a new civil action, Furando v. Ortiz, 20-5579 (D.N.J.) Petitioner, however, seeks reconsideration of the Order denying his petition for failure to exhaust administrative remedies. (Motion for Reconsideration, Dkt. Nos. 12, 13.) Petitioner contends exhaustion is futile.

II. DISCUSSION

    A. Motion for Reconsideration

    Pursuant to Federal Rule of Civil Procedure 59(e)

> a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River*

2

>     Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d
>     1194, 1218 (3d Cir.1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999.)

    B.    Administrative Exhaustion Requirement

    A federal prisoner may bring a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3), if "he is in custody in violation of the Constitution or laws or treaties of the United States." There is, however, a judicially created administrative exhaustion requirement before a prisoner may bring a habeas petition under § 2241. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). There are three reasons for the exhaustion requirement:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Id. at 761-62.

    When a prisoner shows that the exhaustion requirement is futile because, for example, the sole issue is one of statutory construction or the legality of a BOP regulation, exhaustion may be excused because it will not promote the goals of administrative exhaustion. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.

3

1981); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (finding exhaustion futile where issue raised was of statutory construction).

In his motion for reconsideration, Petitioner argues that exhaustion is futile because people can die within 2-14 days of acquiring the COVID-19 virus, and the minimum time to complete the administrative remedy process is 140 days. (Dkt. No. 12.) Further, Petitioner asserted that his Team Case Manager instructed him to send a "Cop-out" to the Warden seeking continued consideration for home confinement under the CARES Act, and Petitioner did so. (Id. Dkt. No. 13.) Petitioner asserts the warden denied his request because Petitioner had not served 50% of his sentence. (Id.) Petitioner argues he should not be required to exhaust the lengthy administrative remedy process because the risks of death from contracting the virus in the meantime warrant excusing exhaustion. (Id.)

In Respondent's supplemental brief in opposition to Petitioner's motion for reconsideration, Respondent maintains that this case fits squarely within the goals of the exhaustion requirement. (Dkt. No. 15 at 3, citing Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *1 (M.D. Pa. Apr. 29, 2020.)) Respondent submits the Declaration of Christina Clark,[1] stating that as of

---

[1] Christina Clark is a Senior Attorney with the Federal Bureau of Prisons, FCI Fort Dix. (Clark Decl. ¶1, Dkt. No. 15-1.)

4

June 6, 2020, Petitioner never filed an Administrative Remedy seeking home confinement under the CARES Act. (Id. at 2; "Clark Decl.", Dkt. No. 15-1.)

    C.    <u>Analysis</u>

The BOP's administrative remedy program requires a prisoner to first seek informal resolution of his problem with staff. 28 C.F.R. § 542.13. If this fails, an inmate may file an administrative remedy request with the warden, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, the final level of appeal. Id.

The Court acknowledges that it takes time to exhaust administrative remedies and there may be a situation where the risk to a prisoner is so great that exhaustion of administrative remedies is futile. However, in the Opinion at issue here, this Court discussed the many efforts taken by the BOP to reduce the spread of COVID-19 at FCI Fort Dix. (Opinion, Dkt. No. 6 at 3-4.) As of the date of this writing, there are only fourteen confirmed

5

active cases of COVID-19 at FCI Fort Dix.[2] As this Court noted in its previous Opinion, those inmates are isolated from the healthy inmates.

In a similar situation, where a prisoner sought immediate compassionate release from prison based on the threat of COVID-19, the Third Circuit required exhaustion of administrative remedies, stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")[3] At this time, the threat of COVID-19 at FCI Fort Dix does not make exhaustion of administrative remedies futile.

Like Cordaro, cited by Respondent, Petitioner's case fits squarely within the parameters of the purposes of exhaustion. Cordaro, 2020 WL 2084960, at *5. First, judicial review of the BOP's determination made under the guidance of the Attorney General under the CARES Act of 2020 is limited. Therefore, developing a factual record of the BOP's decision-making process is important. Second, Petitioner could potentially obtain relief from the BOP

---

[2] Available at https://www.bop.gov/coronavirus/ (last viewed June 16, 2020).

[3] The Third Circuit cited Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020), https://www.bop.gov/resources/news/20200313_covid19.jsp.))

without using judicial resources. Indeed, the BOP's discretion is broad but judicial review of the agency's decision is deferential. See e.g. Vazquez, 684 F.3d at 434 (judicial review of BOP's exercise of its authority to determine RRC placements is limited to abuse of discretion). Third, agencies should be permitted to correct their own mistakes. Without showing that exhaustion is futile because the agency will not reconsider its decision, the agency is in a better position than a court to address Petitioner's eligibility for home confinement based on its administrative expertise under 18 U.S.C. § 3624(c)(2).

III. CONCLUSION

For these reasons, the Court denies Petitioner's motion for reconsideration of the Court's denial of his § 2241 petition without prejudice for failure to exhaust administrative remedies.

An appropriate order follows.

Date: June 17, 2020

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**